221.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

222.    By virtue of the above-described acts, among others, defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

223.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

224.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Delaware State Government to approve and pay such false and fraudulent claims.

225.    The Delaware State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

226.    By reason of Defendant's conspiracy and unlawful acts, the State of Delaware has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

227.    The State of Delaware is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Delaware false claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages

that Delaware has sustained because of Pfizer's actions, plus a civil penalty of not less than

$5,500 and not more than $11,000 for each violation of DEL. CODE ANN. TIT. 6 §1201(a)(3);

      b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount

allowed pursuant to DEL. CODE ANN. §1205(a) and/or any other applicable provision of law;

      c.    That Relator be awarded all costs and expenses of this action, including

attorney's fees and court costs incurred in the prosecution of this suit; and

      d.    That Plaintiff and Relator have such other and further relief that this Court

deems just and proper.

**COUNT V**
**District of Columbia Procurement Reform Amendment Act**
**Violation of D.C. CODE ANN. §§ 2-308.13-.15**

228.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as

if fully set forth herein.

229.    This is a claim for treble damages and penalties against Pfizer on behalf of the

District of Columbia under the District of Columbia Procurement Reform Amendment Act.

230.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of

Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

231.    By virtue of the above-described acts, among others, defendant Pfizer did

knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

232.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the

"Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

233.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the District of Columbia Government to approve and pay such false and fraudulent claims.

234.    The District of Columbia Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

235.    By reason of the Defendant's unlawful acts, the District of Columbia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

236.    The District of Columbia is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the District of Columbia false claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that the District of Columbia has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of DC. CODE ANN. §2-308.14(a)(3);

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant DC. CODE ANN. §2-308.15(f)(1) and/or any other applicable provision of law;

   c.  That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

   d.  That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

**COUNT VI**
**Florida False Claims Act**
**Fl. Stat. §68.081-68.090**

237. Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

238. This is a claim for treble damages and penalties against the Defendanton behalf of the State of Florida under the Florida False Claims Act, Fl.Stat. §68.081-68.090.

239. By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

240. By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

241. Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

242. By virtue of the above-described acts, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Florida State Government to approve and pay such false and fraudulent claims.

243. The Florida State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid

and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

244.    By reason of the Defendant's unlawful acts, the State of Florida has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

245.    The State of Florida is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Florida false claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that Florida has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of FLA. STAT. ANN.  §68.082(2)(a)(3);

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant FLA. STAT. ANN. §68.085(1)-(2) and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

### COUNT VII
### Hawaii False Claims Act
### HAW. REV. STAT. §§661-21 to 661-29

246.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

247.    This is a claim for treble damages and penalties against the Defendant on behalf of the State of Hawaii under the HAW. REV. STAT. §661-21(a)(3).

248.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

249.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

250.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

251.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Hawaii State Government to approve and pay such false and fraudulent claims.1.  The Hawaii State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

252.    By reason of the Defendant's unlawful acts, the State of Hawaii has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

253.    The State of Hawaii's Medicaid Program has been damaged by the payment of false and fraudulent claims.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.      That by reason of the aforementioned violations of the Hawaii's false claim provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that Hawaii has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of HAW. REV. STAT. §661-21(a)(3);

b.      That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant HAW. REV. STAT. §661-27(a) and/or any other applicable provision of law;

c.      That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.      That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

**COUNT VIII**
**Illinois Whistleblower Reward and Protection Act**
**740 ILCS 175/1 *et seq*.**

254.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

255.    This is a claim for treble damages and penalties against the Defendant on behalf of the State of Illinois under the Illinois Whistleblower Reward and Protection Act, 740 ILCS 17511 *et seq.*

256.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

257.    By virtue of the above-described acts, among others, defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

258.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

259.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Illinois State Government to approve and pay such false and fraudulent claims.

260.    The Illinois State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

261.    By reason of the Defendant's unlawful acts, the State of Illinois has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

262.    The State of Illinois is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Illinois Whistleblower Reward and Protection Act that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that Illinois has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of ILL. COMP. STAT. 175/3(a)(3);

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant ILL. COMP. STAT. 175/4(d)(1) and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

### COUNT IX
**Nevada False Claims Act**
**NEV. REV. STAT. ANN. §357.01-.250**

263.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

264.    This is a claim for treble damages and penalties against the Defendant on behalf of the State of Nevada under the Nevada False Claims Act.

265.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

266.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

267.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

268.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Nevada State Government to approve and pay such false and fraudulent claims.

269.    The Nevada State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

270.    By reason of the Defendant's unlawful acts, the State of Nevada has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

271.    The State of Nevada is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Nevada false claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages

that Nevada has sustained because of Pfizer's actions, plus a civil penalty of not more than

$10,000 for each violation of the NEV. REV. STAT. ANN. §357.014(1)(c);

       b.     That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount

allowed pursuant Nev. Rev. Stat. Ann. §357,210(1) and/or any other applicable provision of law;

       c.     That Relator be awarded all costs and expenses of this action, including

attorney's fees and court costs incurred in the prosecution of this suit; and

       d.     That Plaintiff and Relator have such other and further relief that this Court

deems just and proper.

## COUNT X
### Tennessee Medicaid False Claims Act
### Tenn. Code. Ann. §71-5-181 to -185

272.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as

if fully set forth herein.

273.    This is a claim for treble damages and penalties against the Defendant on behalf

of the State of Tennessee under the Tennessee Medicaid False Claims Act.

274.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of

Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

275.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

276.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the

"Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

277.    By virtue of the above-described acts, Defendant knowingly made, used, or

caused to be made or used false records and statements, and omitted material facts, to induce the

Tennessee State Government to approve and pay such false and fraudulent claims.

278.    The Tennessee State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

279.    By reason of the Defendant's unlawful acts, the State of Tennessee has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

280.    The State of Tennessee is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Tennessee false claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that Tennessee has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the TENN. CODE ANN. §71-5-182(a)(1)(C);

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant Tenn. Code. Ann. §71-5-183(c)(1) and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

## COUNT XI
### Texas Medicaid Fraud Prevention Act
### TEX. HUM. RES. CODE ANN 36.001-.132

281.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

282.    This is a claim for treble damages and penalties against the Defendanton behalf of the State of Texas under the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE ANN.36.001–.132.

283.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

284.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

285.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

286.    By virtue of the above-described acts, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Texas State Government to approve and pay such false and fraudulent claims.

287.    The Texas State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

288.    By reason of the Defendant's unlawful acts, the State of Texas has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

289.    The State of Texas is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Texas Medicaid Fraud Prevention Statute that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to two times the amount of damages that the state of Texas has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $15,000 fore each violation of TEX. HUM. RES. CODE ANN. § 36.002(8) that results in injury to an elderly person, a disabled person, or a person younger than 18 years of age, or not less than $1,000 and not more than $10,000 for each violation of the TEX. HUM. RES. CODE ANN. § 36.002(8) that does not result in an injury to a person;

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant TEX. HUM. RES. CODE ANN. § 36.110 and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

## COUNT XII
### VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### VA. CODE ANN. 8.01-216.1-216.19

290.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

291.    This is a claim for treble damages and penalties against the Defendanton behalf of the Commonwelth of Virginia under the Virginia Fraud Against Taxpayers Act, Vested. Ch. 842, Article 19.1, § 8.01-216.1 *et seq.*

292.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

293.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

294.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

295.    By virtue of the above-described acts, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Virginia State Government to approve and pay such false and fraudulent claims.

296.    The Virginia State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

297.    By reason of the Defendant's unlawful acts, the State of Virginia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

298.    The State of Virginia is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Virginia Fraud Against Taxpayers Act that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that the Commonwealth of Virginia has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the VA. CODE ANN. § 8.01-216.3(A)(3);

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant VA. CODE ANN. § 8.01-216.7 and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

## COUNT XIII
### Georgia State False Medicaid Claims Act
### Ga. Code 49-4-168 *et seq.*

299.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

300.    This is a claim for treble damages and penalties against the Defendant on behalf of the State of Georgia under the Georgia State False Medicaid Claims Act, Ga. Code 49-4-168 *et seq.*

301.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

302.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

303.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

304.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Georgia State Government to approve and pay such false and fraudulent claims.

305.    The Georgia State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

306.    By reason of the Defendant's unlawful acts, the State of Georgia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

307.    The State of Georgia is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Georgia False Medicaid Claims Act that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages

that the Georgia has sustained because of Pfizer's actions, plus a civil penalty of not more than

$10,000 for each violation of the GA. CODE ANN. § 49-4-168.1;

       b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount

allowed pursuant the GA. CODE ANN. § 49-4-168.2 (I) and/or any other applicable provision

of law;

       c.    That Relator be awarded all costs and expenses of this action, including

attorney's fees and court costs incurred in the prosecution of this suit; and

       d.    That Plaintiff and Relator have such other and further relief that this Court

deems just and proper.

**COUNT XIV**
**Violation of the Indiana State False Claims and Whistleblowers**
**Protection Act, IND. CODE ANN. § 5-11-5.5-1 – 5-11-5.5-18**

308.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as

if fully set forth herein.

309.    This is a claim for treble damages and penalties against the Defendant on behalf

of the State of Indiana under the Indiana State False Claims and Whistleblowers Protection Act,

IND. CODE ANN. § 5-11-5.5-1 – 5-11-5.5-18.

310.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of

Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

311.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

312.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the

"Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

313. By virtue of the above-described acts, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Indiana State Government to approve and pay such false and fraudulent claims.

314. The Indiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

315. By reason of the Defendant's unlawful acts, the State of Indiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a. That by reason of the aforementioned violations of the Indiana State False Claims and Whistleblowers Protection Act that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that the Indiana has sustained because of Pfizer's actions, plus a civil penalty of less than $5,000 for each violation of the IND. CODE ANN. § 5-11-5.5-2;

b. That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant the IND. CODE ANN. § 5-11-5.5-6 and/or any other applicable provision of law;

c. That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d. That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

**COUNT XV**
**Violation of the Michigan Medicaid False Claims Act**

## MICH. COMP LAWS § 400.601-400.613

316.     Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

317.     By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

318.     By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

319.     Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

320.     By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Michigan State Government to approve and pay such false and fraudulent claims.

321.     The Michigan State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

322.     By reason of the Defendant's unlawful acts, the State of Michigan has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

323.     The Michigan State Medicaid Program has been damaged by the payment of false and fraudulent claims.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.      That by reason of the aforementioned violations of the Michigan State

Medicaid False Claims Act that this Court enter judgment in Plaintiff's favor and against Pfizer

in an amount equal to three times the amount of damages that the Michigan has sustained

because of Pfizer's actions, plus a civil penalty of equal to the full amount Pfizer unjustly

received as a result of its unlawful conduct for violating MICH. COMP LAWS § 400.603, 606

and 607;

b.      That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount

allowed pursuant the MICH. COMP LAWS § 400.610 and/or any other applicable provision of

law;

c.      That Relator be awarded all costs and expenses of this action, including

attorney's fees and court costs incurred in the prosecution of this suit; and

d.      That Plaintiff and Relator have such other and further relief that this Court

deems just and proper.

## COUNT XVI
### Violation of the Montana False Claims Act
### MONT. CODE ANN. § 17-8-401 – 17-8-412

324.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as

if fully set forth herein.

325.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of

Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

326.    By virtue of the above-described acts, among others, defendant Pfizer did

knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

327.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the

"Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

328.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Montana State Government to approve and pay such false and fraudulent claims.

329.    The Montana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

330.    By reason of the Defendant's unlawful acts, the State of Montana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

331.    The Montana State Medicaid Program has been damaged by the payment of false and fraudulent claims.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Montana False Claims Act that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that the Montana has sustained because of Pfizer's actions, plus a civil penalty of not more than $10,000 for each violation of the MONT. CODE ANN. § 17-8-403;

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant the MONT. CODE ANN. § 17-8-410 and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

## COUNT XVII
### New Hampshire False Claims Act
### N.H. REV. STAT. ANN. § 167:58-167:61-b

332.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

333.    This is a claim for treble damages and penalties against Defendants on behalf of the State of New Hampshire under the New Hampshire False Claims Act, N.H. REV. STAT. ANN. §167:61-b.

334.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

335.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

336.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

337.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Hampshire State Government to approve and pay such false and fraudulent claims.

338.    The New Hampshire State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

339.    By reason of the Defendant's unlawful acts, the State of New Hampshire has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

340.    The State of New Hampshire is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the New Hampshire false claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that New Hampshire has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the N.H. REV. STAT. ANN. §167:61-b;

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant N.H. REV. STAT. ANN. §167:61-b and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

## COUNT XVIII
### New Mexico Medicaid False Claims Act,
### N.M. STAT. ANN. § 27-14-1- - 27-14-15

341.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

342.    This is a claim for treble damages and penalties against all Defendant on behalf of the State of New Mexico under the New Mexico Medicaid False Claims Act, N.M. STAT. ANN. § 27-14-1- 27-14-15.

343.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

344.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

345.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

346.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Mexico State Government to approve and pay such false and fraudulent claims.

347.    The New Mexico State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

348.    By reason of the Defendant's unlawful acts, the State of New Mexico has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the New Mexico False Claims Act provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an

amount three times the amount of damages that New Mexico has sustained because of Pfizer's actions for violation of the N.M. STAT. ANN. § 27-14-4;

        b.     That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant N.M. STAT. ANN. § 27-14-9 and/or any other applicable provision of law;

        c.     That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

        d.     That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

### COUNT XIX
### New York False Claims Act
### N.Y. St. Finance Law §187 *et seq.*

349.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

350.    This is a claim for treble damages and penalties against all Defendant on behalf of the State of New York under the New York False Claims Act, N.Y. St. Finance Law §187 *et seq.*

351.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

352.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

353.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

354.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New York State Government to approve and pay such false and fraudulent claims.

355.    The New York State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

356.    By reason of the Defendant's unlawful acts, the State of New York has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

357.    The State of New York is entitled to the maximum penalty of $12,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the New York  False Claims Act provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that New York has sustained because of Pfizer's actions, plus a civil penalty of not less than $6,000 and not more than $12,000 for each violation of N.Y. STATE FIN. LAW § 189;

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant N.Y. STATE FIN. LAW § 119(6) and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

**COUNT XX**
**Louisiana Medical Assistance Programs Integrity Law**
**Louisiana Rev. Stat. §437 *et seq.***

358. Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

359. This is a claim for treble damages and penalties against all Defendant on behalf of the State of Louisiana under the Louisiana Medical Assistance Programs Integrity Law, Louisiana Rev. Stat. §437 *et seq.*

360. By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

361. By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

362. Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

363. By virtue of the above-described acts, Defendant knowingly made, used, or Louisiana State Government to approve and pay such false and fraudulent claims.

364. The Louisiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

365. By reason of the Defendant's unlawful acts, the State of Louisiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a. That by reason of the aforementioned violations of the New Mexico False Claims Act provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an

amount three times the amount of damages that Louisiana has sustained because of Pfizer's

actions for violation of the Louisiana Medical Assistance Programs Integrity Law, Louisiana

Rev. Stat. §437 *et seq.*;

        b.     That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount

allowed pursuant Louisiana Medical Assistance Programs Integrity Law, Louisiana Rev. Stat.

§437 *et seq.* and/or any other applicable provision of law;

        c.     That Relator be awarded all costs and expenses of this action, including

attorney's fees and court costs incurred in the prosecution of this suit; and

        d.     That Plaintiff and Relator have such other and further relief that this Court

deems just and proper.

**COUNT XXI**
**Massachusetts False Claims Act**
**Massachusetts Gen. Laws c.12 §5(A)**

366.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as

if fully set forth herein.

367.    This is a claim for treble damages and penalties against the Defendant on behalf

of the Commonwealth of Massachusetts under the Massachusetts False Claims Act,

Massachusetts Gen. Laws c.12 §5(A).

368.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of

Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

369.    By virtue of the above-described acts, among others, Defendant Pfizer did

knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

370.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

371.    By virtue of the above-described acts, Defendant knowingly made, used, or caused the Commonwealth of Massachusetts to approve and pay such false and fraudulent claims.

372.    The Commonwealth of Massachusetts, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

373.    By reason of the Defendant's unlawful acts, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the Massachusetts False Claims Act provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount three times the amount of damages that Louisiana has sustained because of Pfizer's actions for violation of the Massachusetts False Claims Act, Massachusetts Gen. Laws c.12 §5(A);

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant Massachusetts False Claims Act, Massachusetts Gen. Laws c.12 §5(A) and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

       d.     That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

## COUNT XXIII
### New York City False Claims Act
### New York City Administrative Code §7-801-§7-810

374.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

375.    This is a claim for treble damages and penalties against the Defendant on behalf of the City of New York under the New York City False Claims Act, New York City Administrative Code §7-801-§7-810.

376.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

377.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

378.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

379.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New York City Government to approve and pay such false and fraudulent claims.

380.    The New York City Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

381.    By reason of the Defendant's unlawful acts, the City of New York has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the New York City False Claims Act provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that the City of New York has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $15,000 for each violation of the New York City False Claims Act, New York City Administrative Code §7-801-§7-810;

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant New York City Administrative Code § 704(i) and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

d.    That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

### COUNT XXIV
### City of Chicago False Claims Act
### Municipal Code of Chicago §1-22-010-§1-22-060

382.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

383.    This is a claim for treble damages and penalties against all Defendant on behalf of the City of Chicago under the Chicago False Claims Act, Municipal Code of Chicago §1-22-010-§1-22-060.

384.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

385.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox and Bextra for purposes not approved by the FDA.

386.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

387.    By virtue of the above-described acts, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Chicago City Government to approve and pay such false and fraudulent claims.

388.    The Chicago City Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

389.    By reason of the Defendant's unlawful acts, the City of Chicago has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

### COUNT XXV
**New Jersey False Claims Act**
**N.J. STAT. §2A:32C-1-17**

390.    Relator-Plaintiff incorporates by reference and re-alleges all above paragraphs as if fully set forth herein.

391.    This is a claim for treble damages and penalties against the Defendant on behalf of the State of New Jersey under the New Jersey False Claims Act N.J. STAT. §2A:32C-1-17.

392.    By virtue of the above-described acts, among others, Defendant Pfizer did knowingly and willfully promote Zyvox as clinically superior to vancomycin. The promotion of Zyvox as clinically superior to vancomycin constitutes an off-label promotion.

393.    Defendant Pfizer did knowingly and willfully promote Pfizer drugs through the "Pfizer Scientific Ambassador Program" for purposes not approved by the FDA.

394.    By virtue of the above-described acts, Defendant knowingly made, used, or cause the State of New Jersey to approve and pay such false and fraudulent claims.

395.    The State of New Jersey, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal inducements and/or business practices.

396.    By reason of the Defendant's unlawful acts, the State of New Jersey has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendant Pfizer Inc. as follows:

a.    That by reason of the aforementioned violations of the New Jersey False Claims provisions that this Court enter judgment in Plaintiff's favor and against Pfizer in an amount equal to not less than two times and not more than three times the amount of damages that the state of New Jersey has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of N.J. STAT. §2A:32C-1-17;

b.    That Relator, as *Qui Tam* Plaintiff, be awarded the maximum amount allowed pursuant N.J. STAT. §2A:32C-1-17 and/or any other applicable provision of law;

c.    That Relator be awarded all costs and expenses of this action, including attorney's fees and court costs incurred in the prosecution of this suit; and

      d.     That Plaintiff and Relator have such other and further relief that this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Relator-Plaintiff Ronald Raniero and plaintiff United States prays for judgment against Defendant Pfizer Inc. as follows:

      a.     That Defendant be found to have violated and be enjoined from future violations of the Federal False Claims Act, 31 U.S.C. §3729 *et seq.*;

      b.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the United States Government has sustained because of defendant Pfizer's false or fraudulent claims, plus the maximum civil penalty for each violation of 31 U.S.C. §3729;

      c.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the State of California has sustained because of defendant Pfizer's actions, plus a civil penalty of not more than $10,000 for each violation of CAL. GOV. CODE §12651(a)(3);

      d.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the State of Delaware has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 6 DEL. CODE ANN. TIT. 6, §1201(a)(3);

      e.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the District of Columbia has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of D.C. CODE ANN. §2-3-8.14(a)(3);

72

f.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of Florida has sustained because of defendant

Pfizer's actions, plus a civil penalty of $11,000 for each violation of FLA. STAT ANN.

§68.082(2)(a)(3);

g.      That this court enter judgment against defendant Pfizer Inc. in an amount equal to

not less than two times and not more than three times the amount of damages the state of Hawaii

has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000

and not more than $10,000 for each violation of HAW. REV. STAT. §661-21-(a)(3);

h.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of Illinois has sustained because of defendant

Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each

violation of 740 ILL. COMP. STAT. §175/3(a)(3);

i.      That this court enter judgment against defendant Pfizer Inc. in an amount equal to

not less sustained because of Pfizer's actions, plus a civil penalty of not more than $10,000 for

each violation of the IND. CODE ANN. § 5-11-5.5-2;

j.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of Louisiana has sustained because of defendant

Pfizer's actions, plus a civil penalty to the full amount Defendant unjustly received as a result of

unlawful conduct for violating Louisiana Medical Assistance Programs Integrity Law, Louisiana

Rev. Stat. §437 *et seq.*;

k.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the Commonwealth of Massachusetts has sustained because

of defendant Pfizer's actions, plus a civil penalty to the full amount Defendant unjustly received

as a result of unlawful conduct for violating Massachusetts False Claims Act, Massachusetts

Gen. Laws c.12 §5(A);

      l.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of Michigan has sustained because of defendant

Pfizer's actions, plus a civil penalty to the full amount Defendant unjustly received as a result of

unlawful conduct for violating MICH. COMP LAWS § 400.603, 606 and 607;

      m.     That this Court enter judgment against defendant Pfizer Inc. against Pfizer in an

amount equal to not less than two times and not more than three times the amount of damages

that Montana has sustained because of defendant Pfizer's actions, plus a civil penalty of not more

than $10,000 for each violation of the MONT. CODE ANN § 17-8-403;

      n.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of New Hampshire has sustained because of

defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000

for violation of N.H. REV. STAT. ANN. §167:61-b;

      o.     That this court enter judgment in Plaintiff's favor and against defendant Pfizer

Inc. in an amount three times the amount of damages that the State of New Mexico has sustained

because of Pfizer's actions for violation of N.M. STAT. ANN.§ 27-14-4;

      p.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of Nevada has sustained because of defendant

Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each

violation of the Nevada False Claims Act;

      q.     That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the City of New York has sustained because of defendant

74

Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $15,000 for each violation of the New York City False Claims Act;

r.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the City of Chicago has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the Chicago False Claims Act;

s.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the State of Tennessee has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the Tennessee Medicaid False Claims Act;

t.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to the damages that the state of Texas has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $15,000 fore each violation of TEX. HUM. RES. CODE ANN. § 36.002(8)  that results in injury to an elderly person, a disabled person, or a person younger than 18 years of age, or not less than $1,000 and not more than $10,000 for each violation of TEX. HUM. RES. CODE ANN. § 36.002(8) that does not result in an injury to a person;

u.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the State of Virginia has sustained because of defendant Pfizer's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of Va. Code Ann. §8.01-216.3(a)(1), (2);

v.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to three times the amount of damages the State of Georgia has sustained because of a Defendant's

actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation

of GA. CODE 49-4-168.1;

w.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of Indiana has sustained because of defendant

Pfizer's actions, plus a civil penalty of not less than $5,000 for each violation of IND. CODE

ANN. §5-11-5.5-2;

x.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

three times the amount of damages the State of New York has sustained because of defendant

Pfizer's actions, plus a civil penalty of not less than $6,000 and not more than $12,000 for each

violation of N.Y. STATE FIN. LAW §189;

y.      That this Court enter judgment against defendant Pfizer Inc. in an amount equal to

not less than two times and not more than three times the amount of damages that the state of

New Jersey has sustained because of Pfizer's actions, plus a civil penalty of not less than $5,000

and not more than $10,000 for each violation of N.J. STAT. §2A:32C-1-17

z.      That Relator-Plaintiff be awarded the maximum amount allowed pursuant to

§3730(d) of the Federal False Claims Act, and the equivalent provisions of the state statutes set

forth above;

aa.     That Relator-Plaintiff be awarded all costs of this action, including attorneys' fees

and expenses; and

bb.     That Relator-Plaintiff recover such other relief as the Court deems just and proper

or that is necessary to make Relator-Plaintiff whole.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tel: 617-951-2300

**OF COUNSEL**
Stephen A. Sheller
Brian J. McCormick, Jr.
James J. Pepper
SHELLER, P.C.
1528 Walnut Street, Floor 3
Philadelphia, PA 19102


Brian P. Kenney
Eric J. Young
KENNEY EGAN MCCAFFERTY & YOUNG
3031-C Walton Road, Suite 202
Plymouth Meeting, PA 19462

Attorneys for Relator-Plaintiff Ronald Rainero

Date: June 19, 2008

DWLIBDB\224008.1□9998/26

77